FILED

2022 Jan-03  AM 08:20
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **PARA LEE-JOHNSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO.:** |
| **v.** | ) | |
| | ) | _____ |
| **CENTRA ASSET PARTNERS** | ) | |
| **MANAGEMENT, LTD., and** | ) | |
| **CENTRA PARTNERS, LLC,** | ) | **PLAINTIFF DEMANDS** |
| | ) | **TRIAL BY STRUCK JURY** |
| **Defendants.** | ) | |

---

## COMPLAINT

---

## JURISDICTION AND VENUE

1.     This is a complaint for legal and equitable relief to redress violations

by the Defendant of the Plaintiff's rights secured by:

    a.     Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.

        § 2000e, *et seq.* ("Title VII");

    b.     Pregnancy Discrimination Act ("PDA"), 42 U.S.C. § 2000e(k).

2.     Federal subject matter jurisdiction exists pursuant to:

    a.     28 U.S.C. §§ 1331, 1343, and 1367;

b.   Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.

§ 2000e, et seq.

3.   Venue is proper in this judicial district under 28 U.S.C. § 1391(b).

## PARTIES

4.   Plaintiff Para Lee-Johnson (hereinafter "Plaintiff" or "Lee-Johnson") is a resident of Jefferson County, Alabama, and is over the age of nineteen (19) years. Plaintiff was employed Centra Asset Management Partners, Ltd., as Assistant Community Director for the City Heights apartment complex in Hoover, Alabama.

5.   Defendants, Centra Asset Management Partners, Ltd. and Centra Partners, LLC (hereinafter "Centra" or "Defendants"), are corporations doing business in Jefferson County, Alabama, are employers under Title VII and have more than fifteen (15) employees.

## NATURE OF ACTION

6.   Plaintiff brings this action against Defendants for acts of intentional sex discrimination that occurred during her employment with Defendants.

7.   Plaintiff seeks back pay and compensatory and punitive damages to which she is entitled. Plaintiff also seeks attorney's fees and costs.

## ADMINISTRATIVE PROCEDURES

8.     On November 6, 2020, within 180 days of the acts of discrimination of which she complains, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC").  **(See Exhibit A.)**

9.     On October 4, 2021, the EEOC issued a Notice of Right to Sue. **(See Exhibit B.)**

10.     All prerequisites for bringing this action have been met.

## STATEMENT OF FACTS

11.     Lee-Johnson is female and was pregnant at all times relevant to her claims.

12.     In January 2019, Lee-Johnson was hired by Implicity Management Company, L.L.C. ("Implicity"), as Assistant Property Manager of the City Heights apartment complex in Hoover, Alabama.

13.     The owners of City Heights apartment complex hire management companies to operate the property.

14.     In August 2019, City Heights contracted with Defendant Centra to manage its property.

15.     Centra is a full service real estate company providing various types of real estate assets.

16.     As a result of the real estate contract change, Lee-Johnson became an employee of Centra on August 23, 2019.

17.     Centra changed Plaintiff's title to Assistant Community Director of the City Heights apartment complex. Plaintiff's job duties were the same as she previously held with Implicity.

18.     Lee-Johnson was paid $16.00 per hour and worked forty (40) hours per week in her position with Centra.

19.     Lee-Johnson became pregnant in fall of 2019.

20.     Susan Partrich (hereinafter "Partrich") is a Regional Manager for Centra and operates out of Baton Rouge, Louisiana.

21.     In December 2019, Partrich visited the City Heights Hoover office and saw Lee-Johnson was pregnant. Partrich expressed her shock and dismay that Lee-Johnson was pregnant and interrogated Lee-Johnson about her pregnancy.

22.     In December 2019, Lee-Johnson called Donna Phetteplace (hereinafter "Phetteplace"), Vice President of Human Resources at Centra, and informed her about her pregnancy and the need to take maternity leave in April 2020.

23.     Phetteplace then sent Lee-Johnson an email reprimanding her for not following Centra's policy forcing pregnant women to disclose their pregnancies within the first twelve (12) weeks of pregnancy and informing Lee-Johnson that she would only be entitled to six (6) weeks of unpaid maternity leave.

24.     Lee-Johnson informed Phetteplace, Partrich and Centra that because of the complications associated with her pregnancy, she was uncertain about if or when she would be induced, if she would need a caesarean, and exactly how much maternity leave she would need.

25.     On April 8, 2020, Lee-Johnson emailed a written request for maternity leave to begin on April 13, 2020, with a doctor's note attached. Phetteplace approved Lee-Johnson's request by return email.

26.     On April 13, 2020, Lee-Johnson's maternity leave began.

27.     On May 16, 2020, Lee-Johnson received an email from Phetteplace informing her she had been demoted from City Heights Hoover to City Heights Homewood, a known problem property, at the same rate of pay ($16.00 per hour) despite the City Heights Homewood position being advertised as $19.00 per hour.

28.     Due to complications with her postpartum recovery, Lee-Johnson emailed Phetteplace a doctor's note showing that she would not be able to return to work until July 1, 2020.

29.     On June 29, 2020, Lee-Johnson informed Phetteplace that she was unable to find childcare for her children due to the COVID-19 pandemic closures, which could impact her ability to return to work as scheduled. Phetteplace provided an Emergency FMLA Request Form, which Lee-Johnson executed and returned.

30.     On July 8, 2020, Phetteplace terminated Lee-Johnson, effective June 30, 2020.

## COUNT ONE
## TITLE VII GENDER DISCRIMINATION AND HARASSMENT

31.     Plaintiff adopts and realleges 1 – 30 of the above referenced facts as if fully recited here.

32.     This is a claim against Defendants for the intentional discrimination against Plaintiff because of her gender in violation of Title VII.

33.     Plaintiff is female and was pregnant at all times relevant to this claim.

34.     Plaintiff's employment with Defendants had always been deemed satisfactory.

35.     Upon Defendant and its agents learning that Plaintiff was pregnant, she was treated adversely and terminated.

36.     Plaintiff's membership in a protected class or association with a protected class was a motivating factor in the Defendants' decision to discipline, harass and terminate Plaintiff's employment.

37.     Plaintiff was treated differently and subjected to differing terms and conditions in comparison to her male counterparts and non-pregnant individuals due to Plaintiff's gender and her pregnancy.

38.    As a proximate result of Defendants' unlawful intentional discrimination, Plaintiff suffered financial loss, economic loss, loss of career advancement, shame, and humiliation.

39.    Plaintiff seeks declaratory and injunctive relief, award of lost employment and career benefits and wages, back pay, front pay, interest, compensatory damages for loss of career opportunity, humiliation and embarrassment, costs, attorney's fees, punitive damages and any and all such other relief the trier of fact may assess.

## COUNT TWO
## PREGNANCY DISCRIMINATION AND HARASSMENT

40.    Plaintiff adopts and realleges 12 – 30 of the above referenced facts as if fully recited here.

41.    This is a claim against Defendants for the intentional discrimination against Plaintiff because of her pregnancy in violation of Title VII and the Pregnancy Discrimination Act.

42.    Plaintiff is female, a member of a protected class, and at all times relevant to her claims, a pregnant female.

43.    Plaintiff's employment with Defendants was always deemed satisfactory until Defendants learned of Plaintiff's pregnancy in the fall of 2019.

7

44.    After Plaintiff announced she was pregnant, Defendant became critical of Plaintiff and her pregnancy.

45.    Plaintiff was treated differently and subjected to differing terms and conditions in comparison to non-pregnant employees due to her pregnancy.

46.    Defendants made disparaging remarks to Plaintiff about her pregnancy and subjected Plaintiff to disdain, ridicule, and hostility.

47.    Defendants caused Plaintiff's work conditions and terms to change.

48.    Defendants adversely caused Plaintiff's work location and hours to change due to her pregnancy.

49.    Defendants adversely caused Plaintiff to be subjected to policies and procedures that were not required of non-pregnant employees.

50.    Plaintiff was terminated due to her pregnancy and childbirth.

51.    As a proximate result of Defendant's unlawful intentional discrimination, Plaintiff suffered financial loss, economic loss, loss of career advancement, shame, and humiliation.

52.    Plaintiff seeks declaratory and injunctive relief, award of lost employment and career benefits and wages, back pay, front pay, interest, compensatory damages for loss of career opportunity, humiliation and embarrassment, costs, attorney's fees, punitive damages and any and all such other relief the trier of fact may assess.

**WHEREFORE**, Plaintiff respectfully requests this Court:

I.      Permanently enjoin Defendants from engaging further in their discriminatory treatment on the basis of gender and pregnancy;

II.     Order Defendants, their agents, and employees to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of their past and present unlawful employment practices, including implementing a consistent policy against gender discrimination and pregnancy discrimination in the work place;

III.    Order Defendants, their agents, and employees to make Plaintiff whole by providing appropriate back pay with prejudgment interest, front pay, employment benefits, and other monetary relief as may be available to her;

IV.     Award Plaintiff compensatory and punitive damages;

V.      Award Plaintiff her costs and expenses herein, including reasonable attorney's fees; and

VI.     Award such other and further additional relief which this Court deems necessary and proper.

Respectfully submitted,

*/s/ Alicia K. Haynes*
Alicia K. Haynes
Attorney for Plaintiff

**OF COUNSEL:**
**HAYNES & HAYNES, P.C.**
1600 Woodmere Drive
Birmingham, AL 35226
(205) 879-0377
akhaynes@haynes-haynes.com


## PLAINTIFF DEMANDS TRIAL BY STRUCK JURY


**PLEASE SERVE DEFENDANTS VIA CERTIFIED MAIL**

Centra Asset Partners Management, Ltd.
Juliana Andrade, Registered Agent
1409A Lancewood Drive NW
Huntsville, AL 35816

Centra Partners, LLC
Juliana Andrade, Registered Agent
1409 Lancewood Drive NW
Huntsville, AL 35816


**PLAINTIFF'S ADDRESS:**
Ms. Para Lee-Johnson
c/o Alicia K. Haynes
Haynes & Haynes, P.C.
1600 Woodmere Drive
Birmingham, Alabama 35226